94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Eugene MOORE, Plaintiff-Appellant,
v.
James GOMEZ; George Ingle, Defendants-Appellees.
 No. 95-16924.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Thomas E. Moore appeals pro se the district court dismissal as frivolous of his 42 U.S.C. § 1983 civil rights action against case records specialists Anne Otter, Lisa Hoffman, and Connie Henderson.[1] Moore alleged that the defendants violated his constitutional rights by negligently performing their duties of informing the state sentencing court of an error in its abstract of judgment. Moore claims that his parole release date was incorrectly calculated based upon this error, and that he served an additional sixteen months in prison as a result. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, Denton v. Hernandez, 504 U.S. 25, 33 (1992), and we affirm.
 
 
 3
 Here, the district court, relying on Coverdell v. Department of Social & Health Servs., 834 F.2d 758, 764-65 (9th Cir.1987) and Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.1979) (per curiam), dismissed Moore's action on the ground that the defendants were absolutely immune from suit for relying on a "facially valid state court order." The district court's analysis is proper insofar as Moore sought damages from the defendants for relying on the abstract of judgment in calculating Moore's parole release date. See, e.g., Coverdell, 834 F.2d at 764-65; Fayle, 607 F.2d at 862.
 
 
 4
 On appeal, Moore claims that his action is predicated upon the defendants' alleged negligence. A prison official's negligence, however, does not give rise to a cognizable claim under the Due Process Clause or the Eighth Amendment. See e.g., Daniels v. Williams, 474 U.S. 327, 328 (1986) (holding that mere negligence is not actionable under the Due Process Clause); Davidson v. Cannon, 474 U.S. 344, 348 (1986) (same); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1994), cert. denied, 115 S.Ct. 1695 (1995) (holding that in order to establish liability under the Eighth Amendment, the plaintiff must show that the prison officials acted with deliberate indifference). Because Moore's action lacked an arguable basis in law, the district court properly dismissed it as frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that an informa pauperis complaint may be dismissed as frivolous where it "lacks an arguable basis in law or in fact").
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed Moore's action under 28 U.S.C. § 1915(d), now 28 U.S.C. § 1915(e)(2). See Prison Reform Litigation Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)